*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MJB, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

MJB,

        Respondent-Appellant.

UNPUBLISHED
March 14, 2024

No. 364707
Muskegon Circuit Court
Family Division
LC No. 2022-002164-DL

---

Before: SWARTZLE, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Respondent, MJB, a minor, pleaded guilty to third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a). At the plea hearing, the attorneys for both sides and MJB acknowledged that MJB would have to register under the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq*. After the plea hearing, however, MJB moved to strike the SORA registration requirement. The trial court denied that motion, but MJB argues on appeal that the trial court erred in so ruling, and the prosecution now agrees that MJB need not register under SORA. We likewise agree that MJB is not required to register under SORA. Therefore, we vacate the trial court's order denying MJB's motion to strike the SORA registration requirement, vacate the order of adjudication to the extent that it requires MJB to register under SORA, and remand for further proceedings.

## I. FACTUAL BACKGROUND

MJB was the subject of a delinquency petition alleging that he committed CSC-III. At that time, he was 15 years old. MJB thereafter was the subject of a second delinquency petition, which alleged that MJB committed first-degree criminal sexual conduct (CSC-I). On November 8, 2022, MJB pleaded guilty to the CSC-III charge in exchange for dismissal of the CSC-I charge. At the plea hearing, the attorneys and MJB acknowledged that MJB would have to register under SORA. Thus, in the order of adjudication, the trial court ordered MJB to register under SORA.

On December 6, 2022, MJB moved to strike the term in the order of adjudication requiring him to register under SORA, contending that juvenile respondents no longer had to register under SORA because orders of disposition are not open to the general public and registration is required only when the order of disposition is open to the general public. Petitioner objected, asserting that despite recent amendments to the relevant statutes, the Legislature left intact the requirement that Tier III juvenile offenders must register under SORA. Accordingly, the Legislature intended that juveniles who commit Tier III offenses still must register under SORA even if their adjudications are sealed. On January 4, 2023, the trial court held a hearing on the motion and ultimately agreed with petitioner. Therefore, the trial court denied MJB's motion. This appealed followed.

## II. LEGAL ANALYSIS

On appeal, MJB argues that he was not statutorily required to register under SORA, so the trial court erred when it denied his motion to strike the SORA registration requirement. Petitioner does not contest MJB's interpretation of the relevant statutes or oppose MJB's claim that he should not have to register under SORA. We agree with both parties that MJB is not statutorily required to register under SORA. Under MCL 28.723(1)(a), a person "who is convicted of a listed offense after October 1, 1995" must register under SORA. CSC-III is a "listed offense." MCL 28.722(i), (v)(*iv*); MCL 750.520d. But in SORA, MCL 28.722(a)(*iii*) defines the word "convicted" to mean:

> (*iii*) Having an order of disposition entered under section 18 of chapter XIIA of the probate code of 1939, 1939 PA 288, MCL 712A.18, that is open to the general public under section 28 of chapter XIIA of the probate code of 1939, 1939 PA 288, MCL 712A.28, if both of the following apply:
>
> (A) The individual was 14 years of age or older at the time of the offense.
>
> (B) The order of disposition is for the commission of an offense that would classify the individual as a tier III offender.

According to MCL 712A.28(3),[1] in cases involving juveniles, "[b]eginning January 1, 2021, . . . records of a case brought before the court are not open to the general public and are open only to persons having a legitimate interest."

As a result of those statutory provisions, individuals must register under SORA if they are "convicted" of a listed offense after October 1, 1995. See MCL 28.723(1)(a). The definition of "convicted" under SORA for juvenile proceedings only refers to orders of disposition that are open "to the general public." See MCL 28.722(a)(*iii*). As of January 1, 2021, records in juvenile cases, including orders of disposition, are not open to the general public. See MCL 712A.28(3). Here, the petition concerning MJB was filed after January 1, 2021. Therefore, the records in his case are not open to the general public. See MCL 712A.28(3). Because the records in MJB's case are not open to the general public, MJB's disposition does not constitute a "conviction" under SORA. See

---

[1] That statutory provision is contained in the juvenile code, MCL 712A.1 *et seq*., which is part of the probate code of 1939, as identified in MCL 28.722(a)(*iii*).

MCL 28.722(a)(*iii*). Because MJB was not "convicted," MCL 28.723(1)(a) does not require him to register under SORA. Thus, the trial court erred when it ordered MJB to register under SORA and when it denied MJB's motion to strike the SORA registration requirement. Consequently, we vacate the trial court's denial of MJB's motion to strike the registration requirement and remand the case for further proceedings consistent with this opinion.[2]

      Vacated and remanded. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ James Robert Redford
/s/ Christopher P. Yates

---

[2] In its brief on appeal, petitioner asks us to remand the case to afford petitioner the opportunity to move to withdraw MJB's plea agreement in light of the fact that he is not required to register under SORA. We remand this case to enable the trial court to address its errors, at which time petitioner may make its request to the trial court. We offer no opinion on how the trial court should resolve that request.